UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 13-147-DCR |
| ) | |
| V. ) | |
| ) | |
| DAVID ALLEN COX, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |
| ) | |

*** *** *** ***

Defendant David Allen Cox pleaded guilty on February 20, 2014, to the crimes of distributing oxycodone and cocaine charged in Counts 3 and 4 of the Indictment. [Record No. 46, 47] The conspiracy and aiding and abetting charges in Counts 1 and 2 were dismissed at sentencing. Cox sold 140 oxycodone pills and more than nine ounces of cocaine over the course of several controlled purchases in December 2012 through August 2013. [Record No. 61] He was sentenced to a term of imprisonment of 87 months and a three year term of supervised release. Cox has filed a motion requesting reduction of his sentence under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). [Record No. 73] After reviewing Cox's motion and the record, the Court declines to reduce his sentence under the circumstances of the case.[1]

---

[1] The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

Cox's base offense level was calculated as 26, which was increased by two levels under U.S.S.G. § 2D1.1(b)(1) due to Cox's possession of firearms.[2]  Cox received a three level reduction for acceptance of responsibility, resulting in a total offense level of 25. Combined with a criminal history score of III, Cox was subject to a non-binding guideline range of 70 to 87 months.  After considering the statements and arguments of the parties, the defendant's criminal conduct underlying his charges, and the defendant's prior criminal history, the Court determined that a sentence of 87 months was sufficient, but not greater than necessary, to meet the applicable statutory goals and objectives under 18 U.S.C. § 3553.

The issue presented by the current motion is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553.  Again, the Court considers the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance or responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by Cox.  When these factors are considered, the Court sees no reason to reduce Cox's sentence below the 87 month term of imprisonment previously imposed.

This Court's analysis of the relevant factors under § 3553 is unchanged from that at sentencing.  Cox argued that his criminal history was overstated at sentencing.  The Court

---

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual.  As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011).  Instead, the district court has discretion to determine whether appointment of counsel is warranted.  Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

2   The presentence report indicates that a confidential informant saw firearms during one of the drug transactions and several weapons were found during the search of Cox's property.

specifically rejected that assertion and found that there was a strong likelihood that Cox would continue to commit future offenses based upon his criminal history. Cox had two prior drug charges and was subject to the terms of a probated state sentence at the time of the instant offense, which affected his criminal history calculation. A reduced sentence would not serve the goals of general or specific deterrence.

Further, a reduced term of imprisonment would not provide sufficient punishment for Cox's broad range of drug trafficking activity. The Court considered, and rejected, several factors which Cox argued should mitigate his sentence, such as family support, the sentence received by his co-defendant, and desire to obtain employment. However, the Court did not agree that these factors supported a sentence lower than 87 months in this case and, overall, the negative factors outweighed Cox's arguments of leniency.[3]

The Court also believes that a reduced sentence would unduly diminish the seriousness of the defendant's criminal conduct. Having considered the severity of Cox's criminal conduct and his criminal history, as well as the other remaining factors, the Court finds that a sentence of 87 months, and no less, is sufficient but not greater than necessary to attain the statutory goals and objectives outlined in §3553. Accordingly, it is hereby

**ORDERED** that Defendant David Allen Cox's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) [Record No. 73] is **DENIED.**

---

[3] The presentence report indicated that Cox's mother, who lived on the same property with Cox, was also involved in drug trafficking activities. Further, Cox's criminal history and drug activity in this case indicated that he was not similarly situated to his co-defendant for sentencing purposes.

This 4th day of February, 2015.



Signed By:
<u>Danny C. Reeves</u> DCR
United States District Judge