UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 13-147-DCR-01 |
| ) | |
| V. ) | |
| ) | |
| DAVID ALLEN COX, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

The United States has asked the Court to find that Defendant David Allen Cox has waived his attorney-client privilege with his former counsel so that it may obtain information to properly respond to his motion to vacate, set aside, or correct the judgment entered on May 15, 2014. [Record No. 82] Cox has filed a response to the motion, which consists of a letter to his former attorney, noticing the pending action and declining to waive attorney-client privilege. [Record Nos. 86, 86-1]

Having considered the motion and the defendant's response, the Court will grant the limited relief requested by the United States. As the United States Court of Appeals for the Sixth Circuit recognized in *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005), the attorney-client privilege may be waived, either expressly or implicitly, in several ways. Waiver may occur in a habeas case where the defendant places at issue the subject matter of a privileged communication which forces the government to address the privileged matter to defeat a claim of ineffectiveness. Here, waiver has occurred as a result of Cox's assertion that his

-1-

former attorney provided ineffective assistance in connection with his criminal action. Thus, it is necessary for the United States to obtain information from Cox's former attorney to effectively address the defendant's claims of ineffective assistance. Accordingly, it is hereby

**ORDERED** as follows:

1. The United States' Motion for Order Finding Waiver of Attorney-Client Privilege [Record No. 82] is **GRANTED**. The Court finds that, by alleging ineffective assistance of counsel, Defendant David Allen Cox has waived his attorney-client privilege with respect to issues raised in his § 2255 motion.

2. The United States may contact Cox's former attorney strictly for the purpose of obtaining only that information which is necessary to respond to the defendant's ineffective assistance of counsel claim.

This 11th day of June, 2015.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge