UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | Criminal Action No. 5: 13-147-DCR |
| Plaintiff,   ) | and |
| ) | Civil Action No. 5: 15-7399-DCR |
| V.   ) | |
| ) | |
| DAVID ALLEN COX,   ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant.   ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant David Allen Cox pled guilty to distributing cocaine and hydrocodone in violation of 21 U.S.C. § 841. [Record Nos. 46, 61] Thereafter, he was sentenced to a term of imprisonment of 87 months which was at the top of his non-binding guideline range (70 to 87 months). [Record No. 63] Although Cox waived his right to appeal a within-guideline sentence, he reserved his right to collaterally attack his guilty plea, conviction, and sentence based on claims of ineffective assistance of counsel. [Record No. 61, p. 3]

Cox timely filed a motion to vacate his sentence, alleging ineffective assistance of counsel under 28 U.S.C. § 2255. [Record No. 80] Specifically, Cox asserts that his counsel was ineffective for failing to: (i) investigate potential witnesses and confidential informants; (ii) advise him regarding the availability of video evidence; (iii) advise him regarding relevant conduct and the sentencing guidelines; (iv) provide sufficient materials for preparation of the § 2255 motion; (v) raise "procedural reasonableness" as an objection and (vi) object to the sentencing enhancement applied for possession of a firearm.

Consistent with local practice, Cox's motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). After reviewing a response from the government and affidavit from counsel [Record Nos. 94, 94-2], United States Magistrate Judge Hanley A. Ingram issued a report which recommended that Cox's motion for habeas relief under 28 U.S.C. § 2255 be denied and that no Certificate of Appealability be issued. [Record No. 102] Cox filed objections to the Magistrate Judge's Recommended Disposition.[1] [*See* Record Nos. 105, 106.] After conducting a *de novo* review, the Court will adopt the Magistrate Judge's recommendations and deny Cox's motion.

**I.**

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that: the sentence was imposed in violation of the United States Constitution or federal law; the court lacked jurisdiction; his or her sentence exceeded the maximum penalty authorized by law; or the sentence is otherwise subject to collateral attack. To prevail on a claim of constitutional error, a defendant must establish an error of constitutional magnitude which had a substantial and injurious effect or impact on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citations omitted). Additionally, to prevail on a claim of non-constitutional error, the defendant must show a "'fundamental defect which inherently results

---

[1] The government argued that Cox's objections were untimely. [Record No. 106] The Recommended Disposition was served electronically on November 2, 2015. [Record No. 102] But Cox alleges that he did not receive it until November 13, 2015. [Record No. 110] Cox placed his objections in the mail on November 17, 2015. [Record No. 105] They were received and filed on November 24, 2015. The Court has, within its discretion, reviewed the objections and considered the arguments therein. *See Patterson v. Mintzes*, 717 F.2d 284, 286 (6th Cir. 1983).

in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Id.* (quoting *United States v. Ferguson*, 918 F. 3d 627, 630 (6th Cir. 1990)).

Each of the defendant's claims concerns allegations of ineffective assistance of counsel. Ineffective assistance of counsel is a mixed question of law and fact that is reviewed under the test established in *Strickland v. Washington*. 466 U.S. 668 (1984). It requires that a defendant show: (i) counsel's performance was deficient by "[falling] below an objective standard of reasonableness," *id.* at 687–88; and (ii) the defendant was "prejudiced" by such deficient performance. *Id.* at 691–92.

To determine deficient performance, the court must "conduct an objective review of [counsel's] performance, measured for 'reasonableness under prevailing professional norms,' which includes a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Wiggins v. Smith*, 539 U.S. 510, 523 (2003) (quoting *Strickland*, 466 U.S. at 688–89); *Poindexter v. Mitchell*, 454 F.3d 564, 577 (6th Cir. 2006). This review requires consideration of the norms of practice as reflected in the American Bar Association Guidelines. *See Rompilla v. Beard*, 545 U.S. 374, 387 (2005).

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This threshold showing is less than a preponderance of the evidence. *Id.* The Sixth Circuit has held "that a petitioner need not prove by a preponderance of the evidence that the result would have been different, but merely that there is a reasonable probability that the result would have been different." *Skaggs v. Parker*, 235 F.3d 261, 271 (6th Cir. 2000).

Where, as here, the defendant entered a guilty plea, "a defendant must establish that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). With respect to errors at the sentencing hearing, the defendant must establish that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

## II.

Cox's objections to the Magistrate Judge's Recommendation include the following undeveloped arguments: (1) his attorney had a conflict of interest because he represented two of the confidential informants and (2) his attorney was suspended for sixty days while Cox's charges were pending. [Record No. 105] These new claims of ineffective assistance were not properly raised and are untimely because they do not relate back to the original petition. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005). Further, Cox has not shown that his counsel had a conflict of interest based upon a prior relationship with two of the confidential informants or that any such relationship had any bearing on counsel's investigation. [Record No. 94-2, p. 1]

### 1. Cox Was Not Prejudiced by His Counsel's Alleged Failure to Investigate. [2]

Cox argues that his attorney, retained counsel Frederick J. Anderson, did not adequately investigate potential witnesses and confidential informants who he alleges were

---

[2] The relevant facts are adequately summarized in the Magistrate Judge's Recommended Disposition. The undersigned adopts and incorporates those facts, along with the remainder of the analysis, as if fully set forth herein.

using drugs while engaged as informants by law enforcement. [Record No. 80, p. 4] "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691; *see Wiggins*, 539 U.S. at 521–22. Anderson states in his affidavit that he knew of the confidential informants' activities but did not think that evidence outlining their bad deeds would be helpful to Cox's defense, which he discussed with Cox.[3] [Record No. 94-2, pp. 1–2] Allegations of similar misdeeds are routinely made against cooperating witnesses in similar cases, according to Anderson. [*Id.*]; *see United States v. Fowler*, 535 F.3d 408, 416 (6th Cir. 2008) (quoting *United States v. Martin*, 920 F.3d 393, 398–99 (6th Cir. 1990)) ("Considering that 'it is often people involved in criminal activities themselves that have the most knowledge about other criminal activities,' it is no surprise that most confidential informants are engaged in some sort of criminal activity.")

Further, as detailed by the Magistrate Judge, Cox does not identify any helpful evidence that would have been gained by further investigation. [Record No. 102, pp. 13–15] The record indicates that Cox and his counsel knew of the confidential informants' drug dealing and drug use during the time the charges were pending. Cox admits that he knew of the confidential informants' activities prior to entry of his guilty plea. Thus, the argument that he "should have been provided" with information about the confidential informants' activities prior to accepting his plea bargain falls flat. He has not explained why the

---

[3] In the sentencing memorandum filed on Cox's behalf, Anderson mentioned the confidential informants' role in Cox's illegal activity. [Record No. 58] The confidential informants "introduced [Cox] to the world of drug trafficking." [Record No. 58, p. 2] Further, Anderson's memorandum argued that "[b]ecause the [confidential informants] are drug addicts, they cannot be trusted to distribute in Eastern Kentucky because they buy pills to feed their addiction and do not pay their manager. The [confidential informants] were still operating with their manager at the time the Defendant was taken into custody." [Record No. 58, p. 3]

confidential informants' activities would have caused him to reject his plea deal or lessened his sentence. Accordingly, this claim is meritless.

    **2. Cox Has Not Demonstrated That He Was Prejudiced by His Attorney's Alleged Failure to Tell Him about the Video Recordings.**

As more fully explained in the Magistrate Judge's Recommended Disposition [Record No. 102, p. 16], Cox's argument that counsel could have used the video recordings of the drug buys at the sentencing hearing to challenge the amount of drugs attributed to him, or that Cox would not have entered a plea agreement if he had been aware of the drug recordings, fails. Cox had personal knowledge of what occurred during the drug buys at issue because he participated in them. He knew what was in the video recordings because he was there when they were recorded. Cox has not demonstrated that any additional review of the video recordings by the Court would have reduced his sentence or changed Cox's decision to enter into the plea agreement. Accordingly, he cannot show that his attorney was ineffective for these alleged failures.

To the extent that Cox contends that Anderson should have counseled him on the availability of an *Alford* plea, this argument also fails. [Record No. 90, p. 5] In addition to the Magistrate Judge's analysis regarding this issue [Record No. 102, p. 16], Cox does not develop this argument. Further, there is no indication that an *Alford* plea was offered by the government or that Cox would have received more favorable terms under an *Alford* plea.

    **3. Cox's Argument That His Attorney Did Not Sufficiently Advise Him Regarding Relevant Conduct and the Sentencing Guidelines Fails.**

Cox argues that his counsel did not advise him about the importance of "relevant conduct" and that he was surprised at the sentencing hearing because he was expecting a lower sentence than the term of imprisonment that he received. Cox admitted in his plea

agreement that he sold 140 oxycodone 30 mg pills, which is the same amount that was attributed to him in the Presentence Investigation Report ("PSR"). [Record Nos. 31, p. 2; 101, pp. 6–7] Cox also agreed and acknowledged in his plea agreement that he sold 252 grams of cocaine. [Record No. 61, pp. 1–2] However, the PSR detailed additional relevant conduct including additional sales of 224 grams of cocaine and 453 grams of marijuana. [Record No. 101, pp. 4–7] To the extent that Cox complains that he did not understand the significance of this additional relevant conduct or his relevant range under the sentencing guidelines, his claim is refuted by the record.

The PSR included the additional sales of cocaine and marijuana, resulting in a total of 476 grams of cocaine, 453 grams of marijuana, and 140 oxycodone 30 mg pills attributed to Cox. [Record No. 101, pp. 4–7] The Court applied the same guideline calculation that was included in the PSR, which was a range of 70 to 87 months. [Record No. 101, p. 12] Cox does not dispute that he received a copy of the PSR prior to the sentencing hearing. Likewise, he does not assert that he did not have the opportunity to discuss the report with his attorney prior to the sentencing hearing. As discussed more fully by the Magistrate Judge, Cox's argument that he was unaware of the significance of the relevant conduct or the applicable guideline range is directly refuted by the record.

Further, even assuming that Cox was unaware of the significance of relevant conduct in the PSR or that he was surprised by the guideline range, those claims do not support his claim of ineffective assistance of counsel. *United States v. Hicks*, 4 F.3d 1358, 1363 n.3 (6th Cir. 1993) (citing *United States v. Stephens*, 906 F.2d 251, 254 (6th Cir. 1990)) (noting that an erroneous calculation and prediction of the sentencing guidelines does not warrant setting aside a guilty plea); *United States v. Curry*, 35 F.3d 567, at *6 (6th Cir. 1994) (unpublished

table decision) (citing *Hicks*, 4 F.3d at 1363 n.3) (rejecting ineffective assistance of counsel argument based on erroneous calculation and prediction of the sentencing guidelines); *Gonzalez v. United States*, 33 F.3d 1047, 1051–52 (9th Cir. 1994) ("The district court informed [the defendant] of the maximum possible sentences and fines for the offenses to which he pleaded guilty. He responded affirmatively when asked if he was satisfied with [counsel's] representation of him. As a result, [he] cannot claim he was prejudiced by [counsel's] alleged gross error in calculating the sentencing guidelines range and likely sentence."); *United States v. Hicks*, Criminal Action No. 2:10-007-DCR, 2013 WL 599890, at *7 n.5 (E.D. Ky. 2013).

Here, the Court informed Cox that he faced a maximum penalty of 20 years and that his sentence would be based on his offense level and criminal history score. [Record No. 85, pp. 15–17] Cox may not claim otherwise. And simply stated, he has not demonstrated that he was prejudiced by his attorney's actions.

### 4. Cox Cannot Establish That His Attorney Has Been Ineffective Post-Sentencing.

Cox argues that his counsel has been ineffective *since* the sentencing hearing because he has not provided a copy of the transcript, records, or other evidence that Cox has requested to prepare his motion under § 2255. This claim does not relate to his counsel's conduct during plea negotiations or the sentencing phase and it could not have caused Cox prejudice with respect to those events. Anderson's representation has ended and Cox cannot base his ineffective assistance of counsel claim on post-sentencing representation because "there is no right to an attorney in post-conviction proceedings." *Landrum v. Mitchell*, 625 F.3d 905, 919 (6th Cir. 2010).

### 5. Counsel Was Not Ineffective for Failing to Make Arguments Related to "Procedural Reasonableness" on Appeal or Argue That He Should be Given a Sentence Similar to His Co-Defendant.

Cox does not develop this argument in his motion or supporting memorandum. [Record No. 80, pp. 8, 12] However, given a very broad reading, Cox appears to be arguing that his attorney should have filed a direct appeal to raise issues of procedural reasonableness and should have argued that Cox was entitled to a sentence similar to that of his co-defendant.

It is undisputed that Cox waived his right to appeal his sentence if it was within or below the calculated guideline range. [*See* Record No. 61, p. 3.] Thus, his counsel cannot be ineffective for failing to file an appeal or make any arguments on appeal. With respect to his co-defendant's sentence, the Court explained at the sentencing hearing that the two co-defendants were not similarly situated. Cox's co-defendant had a different criminal history score, a different guideline range, and the nature of the drug transactions at issue were different. [Record No. 87, pp. 27–28] Thus, the Court considered -- but rejected -- the argument that Cox and his co-defendant should have received similar sentences.

### 6. Cox's Counsel was not Ineffective for Failing to Object to the Two-Level Sentencing Enhancement for Possession of a Firearm During the Offense.

Cox argues that his counsel was ineffective by failing to object to a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), which applies where "a dangerous weapon (including a firearm) was possessed" by the defendant during the offense. "The enhancement . . . reflects the increased danger of violence when drug traffickers possess weapons . . . . [and] should be applied if the weapon was present, unless it is clearly

improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Application Note 11.

Cox's attorney objected to this enhancement at the sentencing hearing. [Record Nos. 101, p. 18; 58, p. 4–5; 87, p. 4–9] The objection only applied to one firearm, a "hunting rifle" or "long rifle," which was mentioned in paragraph 24 of the PSR. [Record No. 101, p. 6] However, *fifteen firearms* were seized from Cox's residence and camper. [Record No. 101, p. 7] Further, the PSR includes an incident in which Cox put a gun to his co-defendant's head in relation to a drug transaction. [Record No. 101, p. 5] Cox did not challenge the accuracy of these statements in the PSR prior to the sentencing hearing or through his § 2255 motion. As more fully explained by the Magistrate Judge, Cox's counsel objected to the enhancement and then made the strategic decision to avoid calling Cox to the witness stand during the sentencing hearing. [*See* Record No. 201, p. 20–21.] Thus, this claim for ineffective assistance of counsel also fails.

### III.

An evidentiary hearing is not required where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Where, as here, the defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). In this case, the record needs no further development. As described above, it conclusively demonstrates that each of the defendant's claims fails on its merits. Therefore, Cox's claims do not warrant an evidentiary hearing.

**IV.**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Cox has not made a substantial showing that he was denied his constitutional rights. When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not debate the denial of Cox's § 2255 petition or concluded that the issues presented are adequate to deserve encouragement to proceed further. *Id.* Therefore, a Certificate of Appealability will not issue.

**V.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Hanly A. Ingram [Record No. 102] is **ADOPTED** in full and **INCORPORATED** by reference.

2. Defendant David Allen Cox's objections [Record No. 105] to the Report and Recommendation are **OVERRULED**.

3. Defendant David Allen Cox's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 80] is **DENIED**.

4. A Certificate of Appealability shall not issue with respect to any matter or claim raised in this proceeding.

5. A judgment in favor of the United States shall issue this date.

This 8th day of January, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge